JESSE BOYD, *et al.*, V. M. B. MOORE.

1. TEXAS FEVER; *Action for Damages; Judgment in Replevin, no Bar.*
Where the sheriff of a county, upon complaint made to him under the
provisions of chapter 161, Laws of 1881, takes charge of and corrals
cattle alleged to be infected with the Texas, splenic or Spanish fever,
and B., the owner of the cattle, commences an action against the sheriff
to recover the possession of the same, and the sheriff gives a redelivery
undertaking, under the provisions of § 182 of the code, with one M. as
a surety, and upon the trial of the action said M. is present and testifies
as a witness in behalf of the sheriff, and in such action the owner of the
cattle recovers judgment for the return of the same to him, and in
default of their return that he recover the value thereof, such judgment
is not a bar to an action to recover damages instituted by M. against B.,
the owner of the cattle, under the provisions of § 7, chapter 161, Laws
of 1881, on account of said M. driving the identical cattle, over which
the litigation was had in the former suit, through his county, whereby
M.'s cattle were infected with disease from the cattle so driven by B.

2. ———— M., the plaintiff in the action to recover damages against B.,
under the provisions of § 7, chapter 161, Laws of 1881, although a
surety upon the redelivery bond of the sheriff in the former action, was
not a party or privy thereto, nor had he the right to control that action.

*Error from Barber District Court.*

ACTION by *Moore* against *Boyd* and two others, to recover
damages under the provisions of § 7, chapter 161, Laws of
1881. At the November Term, 1884, the court sustained
plaintiff's demurrer to the second defense set up in defendants'
answer. This ruling the defendants bring here for review.
The opinion states the material facts.

*Cook & Sisson, I. P. Campbell,* and *W. D. Webb,* for plain-
tiffs in error.

*Ellis & Ellis,* and *Gillett & Whitelaw,* for defendant in
error.

The opinion of the court was delivered by

HORTON, C. J.: M. B. Moore brought his action against
Jesse Boyd, Martin Cochran and M. McGuire under the pro-
visions of § 7, ch. 161, Laws of 1881, for his damages in the

sum of $3,500 for the driving of cattle by them into Barber county, diseased with the Texas, splenic or Spanish fever, whereby the cattle of plaintiff were infected with disease and died in large numbers. The defendants pleaded in bar to the action a judgment rendered in the district court of Kingman county on April 25, 1880, in favor of Jesse Boyd against C. T. Rigg. The action in which that judgment was rendered was commenced in Barber county in December, 1883, and afterward removed to Kingman county for trial. Prior to December, 1883, C. T. Rigg, as sheriff of Barber county, took charge of certain cattle owned by Jesse Boyd, under the provisions of said ch. 161, upon complaint made to him by certain citizens of Barber county. Subsequently, Jesse Boyd brought his action to recover the possession of the cattle from C. T. Rigg, and was successful in obtaining judgment that the cattle be returned to him, and in case they could not be so returned, that he recover as their value the sum of $10,485. In the action of Boyd v. Rigg, the latter executed an undertaking to the plaintiff in double the amount of the value of the cattle, in accordance with the provisions of § 182 of the code. M. B. Moore was one of the sureties upon that undertaking, and was present at the trial and testified as a witness in behalf of Rigg. In the case of M. B. Moore v. Jesse Boyd, Martin Cochran and M. McGuire, the plaintiff filed a demurrer to the said defense upon the ground that the several matters contained therein were not sufficient in law to bar the action of plaintiff. The demurrer was sustained, the defendants excepting.

The question now before us for consideration is, whether M. B. Moore is bound by the judgment of Jesse Boyd against C. T. Rigg. In other words, can the doctrine of *res adjudicata* be applied in the case before us as to Moore? The contention against the demurrer is, that in the case of Boyd v. Rigg the jury found that the condition of the cattle driven into Barber county by Boyd was not "such as to endanger the health of other cattle in the vicinity by reason of probable contagion." Therefore it is asserted that the cattle so driven

into Barber county by Boyd and the other defendants could not have diseased Moore's cattle.

We perceive no error in the ruling of the district court. M. B. Moore, although a surety upon the redelivery bond of C. T. Rigg, was not a party or privy in the action of Boyd *v.* Rigg; neither had he the right to control that action. It is true, if after the determination of Boyd *v.* Rigg the latter had failed to return the cattle pursuant to the judgment of the court, Moore, as surety upon the redelivery bond, would be bound by the judgment in that case; but this is not an action upon the bond of Rigg. No question of ownership or right of possession of the cattle is sought to be litigated. The question in the case is one of damage, under chapter 161, for communicating to Moore's cattle Texas, splenic or Spanish fever, and it is immaterial whether Boyd or Rigg was entitled to possession of the cattle charged to have communicated the disease. Although the evidence in the case of Boyd *v.* Rigg may have taken as broad a scope as alleged in the answer, and embraced many facts which will necessarily be testified to in the action now pending, the judgment in the former case is not conclusive upon Moore in this case. (*A. T. & S. F. Rld. Co. v. Comm'rs of Jefferson Co.*, 12 Kas. 135.)

Again, in this case Martin Cochran and M. McGuire are co-defendants with Jesse Boyd; and although it is alleged in the answer that Boyd represented them in the prior case, yet from the other statements in the answer it is clear that the questions involved in the prior suit were, whether Boyd was the owner of the cattle, and had the right to their immediate possession. In the litigation over these questions, the condition of the cattle as to their probability to endanger the health of other cattle in the vicinity where they were driven, was testified to, and before the court for consideration; but the determination of the questions in that case do not affect or conclude Moore in this case.

There being no error in the ruling of the court in sustaining the plaintiff's demurrer to the defendants' second ground

*Texas fever; action for damages; judgment in replevin, no bar.*

of defense, the order and judgment of the district court will be affirmed.

All the Justices concurring.